**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIAN TABALUJAN,

Petitioner,

v.

WARDEN, ETC., ET AL.,

Respondents.

No. ED CV 26-5860-E

ORDER FOR ENTRY OF JUDGMENT

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 4, 2026. Respondents failed to file a timely Answer to the Petition.[1]

///

///

///

///

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05 ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner, a citizen of Indonesia, entered the United States as a five-year-old under a B-2 visitor visa in 2001. Petitioner has resided in the United States ever since.

On September 27, 2004, an immigration judge ordered Petitioner removed, but, at the same time, granted withholding of removal. Petitioner was allowed to remain at liberty and, in 2021, received employment authorization.

On October 2, 2026, ICE agents detained Petitioner without any prior notice and without any prior or contemporaneous opportunity to be heard. This detention occurred three days after the United States Supreme Court's stay of an order setting aside the Department of Homeland Security's third-country removal policy. The proximity of these two events suggests that the Government may now intend to remove Petitioner to a country other than Indonesia.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

///

///

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner's visa authorization to remain in the United States doubtlessly expired decades ago, but immigration authorities elected not to detain Petitioner until very recently. To the contrary, Petitioner received work authorization and evidently built a substantial life in the United States, which is essentially the only country he has ever known. A noncitizen in such circumstances possesses a constitutionally protected liberty interest in remaining undetained. See, e.g., Tu v. Janecha, 2026 WL 2656614 (C.D. Cal. Sept. 8, 2026); Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL

2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); but see Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026).

This conclusion follows from logic as well as from case law. Case law is now legion that a noncitizen previously detained by immigration authorities but released on conditions has a constitutionally protected liberty interest that can be violated by re-detention. See, e.g., Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14; accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"). For constitutional purposes, there should be no material difference between a noncitizen previously released from detention by immigration authorities and a noncitizen whom immigration authorities previously chose not to detain. As aptly stated by the United States District Court for the Northern District of California:

> The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious. . . . Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained. *See Barco Mercado v. Francis, No. 25-CV-6582(LAK),* ____ F. Supp. 3d ________, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (attaching appendix identifying "350 [ ] cases decided by over 160 different judges sitting in about 50 different courts spread across the United

States" "overwhelmingly" finding individuals detained and then released had a vested liberty interest). The government's position Petitioner does not have the same liberty interest is unsupported by any legal authority.

Kharitonova v. Albarran, 2026 WL 531441 at *2. Indeed, even when immigration authorities are unaware of a noncitizen's presence within the United States (unlike here), the noncitizen can develop a constitutionally protected liberty interest by building a substantial life in this country over a period of many years. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026).

In the present case, Petitioner's arrest and detention violated his due process rights. As reflected in case law evaluating legally indistinguishable circumstances, all three of the Mathews factors strongly militate toward this conclusion. See, e.g., Tu v. Janecha, 2026 WL 2656614 (and cases cited therein); Tello Vazquez v. Mullin, 2026 WL 1911507, at *2-3 (and cases cited therein); Wu v. Chestnut, 2026 WL 1906294, at *2 (and cases cited therein); Grigoryan v. Lyons, 2026 WL 2032230, at *1-2 (and cases cited therein); Kharitonova v. Albarran, 2026 WL 531441, at *3 (and cases cited therein).

An appropriate remedy for this due process violation is an order requiring Petitioner's release on reasonable conditions, coupled with procedural protections against further unlawful detention. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *4; Wu v. Chestnut, 2026 WL 1906294, at *2-3; Grigoryan v. Lyons, 2026 WL 2032230, at *2; see also Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7; Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025). With regard to procedural protections against a further unlawful detention, numerous judges of this Court, as well as other judges within the Ninth Circuit, have ordered such protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL

2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

Petitioner is also entitled to procedural protections regarding any attempt to remove him to a third country. "Courts in this District and others have repeatedly ruled that detainees have due process rights to notice and an opportunity to be heard before being deported to a third country." Abramian v. Bondi, 2026 WL 166907, at *7 (C.D. Cal. Jan. 16, 2026). "This flows from the rule that '[i]mmigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment.'" Id. (citing and quoting Vilchez v. Holder, 682 F.3d 1195, 1199 (9th Cir. 2012)). "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999). In the present case, due process requires that Petitioner receive a hearing before an immigration judge regarding any possible removal to a third country (for purposes of seeking withholding of deportation or otherwise). See, e.g., Castillo v. Chestnut, 2026 WL 121652 (E.D. Cal. Jan. 16, 2026); Abubaka v. Bondi, 2025 WL 3204369, at *6-7 (W.D. Wash. Nov. 17, 2025).

///

///

## CONCLUSION

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and: (1) ordering Respondents to release Petitioner (A# 096-362-428) from detention immediately, subject to reasonable conditions; (2) declaring that Petitioner's detention violated Petitioner's due process rights; (3) enjoining Respondents from any further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk; and (4) enjoining Respondents from removing Petitioner to a third country without reasonable notice and an opportunity to be heard before an immigration judge.[2]

DATED: October 14, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[2] Petitioner has failed to justify any different or additional form of habeas relief. To the extent Petitioner seeks an order enjoining Petitioner's removal (as distinguished from an order requiring procedure protections in regard thereto), the Court lacks jurisdiction to grant such an injunction. See 8 U.S.C § 1252 (g); Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022); see also 8 U.S.C. § 1252(b)(9).